IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-82-GF-BMM-04 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| BILLIE JOE BULLSHIELDS, | |
| Defendant. | |

## I. Synopsis

The United States accused Ms. Bullshields of violating her conditions of supervised release by failing to report to the probation office within seventy-two hours of her release from custody. She admitted to the violation. Ms. Bullshields's supervised release should be revoked. She should be sentenced to ten months of custody, with no supervised release to follow.

## II. Status

In February 2013, Ms. Bullshields pleaded guilty to Distribution of Methamphetamine. (Doc. 104.) United States District Court Judge Dana L. Christensen sentenced Ms. Bullshields to 48 months in custody and 48 months of supervised release. (Doc. 146.) Ms. Bullshields's first term of supervised release

1

began on July 23, 2015.  (Doc. 199.)

In September 2015, Ms. Bullshields's supervised release was revoked because she violated her conditions of release by using alcohol, using a controlled substance, and failing to notify her probation officer of a change in employment. She was sentenced to six months of custody and 24 months of supervised release. (Doc. 208.)  Ms. Bullshields's second term of supervised release began on February 12, 2016.  (Doc. 212.)

On April 18, 2016, The Court revoked Ms. Bullshields' supervised release because she failed to notify her probation officer of a change in her residence, failed to participate in mental health treatment, failed to participate in substance abuse testing, and used a controlled substance. (Doc. 223.) United States District Judge Brian Morris sentenced her to five months in custody, followed by twenty-four months of supervised release. (*Id*.) Her current term of supervised release began on July 22, 2016.

On July 26, 2016, Ms. Bullshields provided the United States Probation Office (USPO) with a urine sample that tested positive for alcohol. The USPO referred her to substance abuse treatment to address past and current substance abuse issues. On September 6, 2016, Ms. Bullshields provided a urine sample that tested positive for Subutex. The USPO referred her phase testing at the Great Falls

Transition Center. On September 13, 2016, Ms. Bullshields reported to the USPO that she had been kicked out of the Great falls Rescue Mission for failing to report. Ms. Bullshields stated that he had a mental breakdown the evening before and had used alcohol and methamphetamine. The USPO filed a Report of Offender Under Supervision outlining these violations. (Doc. 226.) Judge Morris allowed her to continue supervision. (*Id.*)

On December 8, 2016, Judge Morris again revoked Ms. Bullshields's supervised release because she arrested after causing a disturbance while highly intoxicated. (Doc 239.) Judge Morris sentenced her to four months in custody, with twenty months of supervised release to follow. (*Id.*) She began her current term of supervised release on January 19, 2017.

**Petition**

On January 30, 2017, the USPO filed a petition asking the Court to revoke Ms. Bullshields's supervised release. (Doc. 248.) The USPO accused Ms. Bullshields of violating her conditions of supervised release by failing to report to the probation office within seventy-two hours of her release from custody. (*Id.*) Based on the petition, Judge Morris issued a warrant for her arrest. (Doc. 249.)

**Initial appearance**

On February 16, 2017, Ms. Bullshields appeared before the undersigned in

Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied her at the initial appearance. Assistant United States Attorney Jeffery Starnes represented the United States.

Ms. Bullshields said she had read the petition and understood the allegations. Ms. Bullshields waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Bullshields admitted that she violated the conditions of her supervised release. The violations are serious and warrant revocation of Ms. Bullshields's supervised release.

Ms. Bullshields's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class B felony. She could be incarcerated for up to thirty-six months. She could be ordered to remain on supervised release for forty-eight months, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Arvanetes recommended a sentence at the high end of the guideline range. Mr. Starnes recommended a sentence at the high end of the guideline range with no supervised release to follow. Ms. Bullshields addressed the Court and stated that she fell in with the wrong crowd again.

### III. Analysis

Ms. Bullshields's supervised release should be revoked because she admitted violating its conditions. Ms. Bullshields should be sentenced to ten months in custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Ms. Bullshields was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Ms. Bullshields's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Ms. Bullshields's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Billie Joe Bullshields violated her conditions of supervised release by failing to report to the probation office within seventy-two hours of her release from custody.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Billie Joe Bullshields's supervised release and sentencing her to ten months in custody, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 22nd day of February 2017

_____
John Johnston
United States Magistrate Judge